UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DEREK MORTLAND,                                    )          CASE NO.:
                                                   )
              Plaintiff,                           )          **<u>CIVIL RIGHTS</u>**
                                                   )
       vs.                                         )          **<u>COMPLAINT FOR INJUNCTIVE</u>**
                                                   )          **<u>RELIEF AND DAMAGES</u>:**
MARY COYNE INVESTMENTS LLC,                        )
                                                   )          **<u>1ST CAUSE OF ACTION:</u>** For Denial of
              Defendant.                           )          Access by a Public Accommodation in
                                                   )          Violation of the Americans with Disability
                                                   )          Act of 1990 ("Title III" and "ADA"),
                                                   )          42 U.S.C. §§ 12181 *et seq.*
                                                   )
                                                   )          **<u>2ND CAUSE OF ACTION:</u>** For Denial of
                                                   )          Access by a Public Accommodation in
                                                   )          Violation of Ohio Revised Code 4112.02, *et*
                                                   )          *seq.*
                                                   )
                                                   )          **<u>3RD CAUSE OF ACTION:</u>** For Denial of
                                                   )          Access by a Public Accommodation in
                                                   )          Violation of Ohio Administrative Code
                                                   )          4101:1-11, *et seq.*

Plaintiff DEREK MORTLAND Complains of Defendant MARY COYNE

INVESTMENTS LLC and alleges as follows:

**INTRODUCTION:**

       1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff MORTLAND is a member of, for failure to remove architectural

barriers structural in nature at Defendant' property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

MORTLAND seeks injunctive relief and damages pursuant to the Americans with Disability Act

of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et*

*seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*

2.　　MORTLAND is a person with physical disabilities who, on or about April 24, 2019, was an invitee, guest, patron, or customer at Defendant's property, which houses a parking facility, located at 11 W Front St. in the City of Youngstown, Ohio. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Ohio legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.　　**Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*

4.　　**Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Youngstown, County of Mahoning, State of Ohio and that MORTLAND's causes of action arose in this district.

**PARTIES:**

5.　　MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled,"

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

"physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

6. Defendant MARY COYNE INVESTMENTS LLC, an Ohio Limited Liability Company, (alternatively referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a parking facility, a public accommodation, located at/near 11 W Front St. in Youngstown, Ohio, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject parking facility as a public facility at/near 11 W Front St., Youngstown, Ohio. The business, a parking facility, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.* MORTLAND does not know the relative responsibilities of the Defendant in the operation of the facilities herein complained

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

of and alleges a joint venture and common enterprise by any other future-named Defendants.

8.   At all times relevant to this complaint, Defendant are the landlords/lessors, tenants/lessees and the owners and operators of the subject PARKING LOT, a public accommodation located at/near 11 W Front St., Youngstown, Ohio. As such, Defendant are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

   **§ 36.201        General**

   (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

   CFR §36.201(b)

9.   MORTLAND does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. MORTLAND is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. MORTLAND may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates a parking facility, located at/near 11 W Front St., Youngstown, Ohio. PARKING LOT and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the parking facility to handicapped access requirements.

11. MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Ohio and United States laws. MORTLAND is paralyzed as a result of a motorcycle accident and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out its parking facility as being handicapped accessible and handicapped usable.

13. On or about April 24, 2019, MORTLAND was an invitee and guest at the subject parking facility, arriving for purposes of parking for court nearby.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him

the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, a person with a disability, encountered the following inaccessible elements of the subject parking facility which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by MORTLAND:

a. There are not enough accessible parking stalls in violation of 2010 ADAS Section 208.2 and 1991 ADAS Section 4.1.2(5)(a).

b. There are no van accessible parking stalls in violation of 2010 ADAS Section 208.2 and 208.2.4.

c. The cross slope of the accessible parking stall is 3.3% or greater and the running slope of the accessible parking stall is 9.1% or greater in violation of 2010 ADAS Section 502.4, 2009 ANSI A117.1 Section 502.5 and 1991 ADAS Section 4.6.3.

d. The cross slope of the accessible parking stall's access aisle is 4.5% or greater and the running slope of the access aisle is 6.2% or greater in violation of 2010 ADAS Section 502.4, 2009 ANSI A117.1 Section 502.5 and 1991 ADAS Section 4.6.3.

e. The accessible parking stall is missing the required International Symbol of Accessibility sign in violation of 2010 ADAS Section 502.6 and 2009 ANSI A117.1 Section 502.7.

f. The accessible parking stall is missing a sign identifying it as a van accessible

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

stall in violation of 2010 ADAS Section 502.6, 2009 ANSI A117.1 Section 502.7 and 1991 ADAS Section 4.6.4.

g.  The accessible parking stall access aisle is not a minimum 8' wide in violation of 2010 ADAS Section 502.2 Exception, 2009 ANSI A117.1 Section 502.2 Exception and 1991 ADAS Section 4.1.2(1).

h.  The fare machine is positioned too high for either a side or front approach in violation of 2010 ADAS Section 308.1 and 2009 ANSI A117.1 Section 308.1.

i.  The fare machine controls require tight grasping, tight pinching or twisting of the wrist to operate in violation of 2010 ADAS Section 309.4, 2009 ANSI A117.1 Section 309.4 and 1991 ADAS Section 4.27.4.

j.  On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. The discriminatory violations described in ¶ 15 are not an exclusive list of the Defendant' violations. MORTLAND requires the inspection of the Defendant' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

17. At all times stated herein, the existence of architectural barriers at Defendant' place of public accommodation evidenced "actual notice" of Defendant' intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

18. As a legal result of Defendant' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to MORTLAND and other persons with disabilities, MORTLAND suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. MORTLAND is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continue as of the date of filing this complaint to deny equal access to MORTLAND and other persons with physical disabilities in these and other ways.

21. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

22. MORTLAND, as described herein below, seeks injunctive relief to require Defendant's facility to be made accessible to meet the requirements of both Ohio law and the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases its parking lot as a public facility. MORTLAND seeks damages for violation of his civil rights, from April 24, 2019 until such date as Defendant bring the establishment into full compliance with the requirements of Ohio and federal law.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

24. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. MORTLAND seeks an order from this court compelling Defendant to make its facility accessible to persons with disabilities.

25. On information and belief, Defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements. The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of MORTLAND's visit and injuries, indicate actual and implied malice towards MORTLAND, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of MORTLAND and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

26. MORTLAND is informed and believes and therefore alleges that Defendant caused

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

the subject property to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout its facility and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as MORTLAND and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

27. On information and belief, the subject public facility denied full and equal access to MORTLAND and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

28. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting Defendant's parking lot was in violation of the civil rights of persons with physical disabilities, such as MORTLAND, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant' failure, under state and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

federal law, to make the establishment accessible is further evidence of Defendant' conscious disregard for the rights of MORTLAND and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant' exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on MORTLAND and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for MORTLAND and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of MORTLAND and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant has further actual knowledge of the architectural barriers referred to herein by virtue of the Notice of Violation of Accessibility Law addressed to the Defendant. Said conduct, with knowledge of the effect it was and is having on MORTLAND and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of MORTLAND and of other similarly situated persons, justifying the imposition of punitive damages.

29. Punitive Damages -- Defendant, at times prior to and including April 24, 2019 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendant failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by MORTLAND and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 28 of this complaint. Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make its parking lot accessible pursuant to the Americans with Disabilities Act and Ohio law. Such actions and continuing course of conduct by Defendant evidence despicable conduct in conscious disregard for the rights or safety of MORTLAND and of other similarly situated persons, justifying an award of punitive damages.

30. Defendant's actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as MORTLAND and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendant' refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of MORTLAND and other members of the public with physical disabilities.

31. MORTLAND prays for an award of punitive damages against Defendant in an amount sufficient to make a more profound example of Defendant and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendant and seeks leave to amend this complaint when such facts are known.

32. MORTLAND will return to the subject parking lot to park for court proceedings in Youngstown and when he visits the city, if the parking lot is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the parking lot's services. Furthermore, Mr. MORTLAND intends to return to the parking lot as an ADA tester to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

34.     MORTLAND pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 33 of this complaint.

35.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

36.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

37.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (B) an entertainment facility, bar, or other establishment serving food or drink;

> 42 .S.C. §12181(7)(B).

38. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

39. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv) a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of Defendant set forth herein were a violation of MORTLAND's rights under the ADA,

42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative

Code § 4101:1-11, *et sec.*, making available damage remedies.

40.     The removal of the barriers complained of by MORTLAND as hereinabove

alleged was at all times after January 26, 1992 "readily achievable" as to the subject parking lot

pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all

the barriers complained of herein together was not "readily achievable," the removal of each

individual barrier complained of herein was "readily achievable." On information and belief,

Defendant's failure to remove said barriers was likewise due to discriminatory practices,

procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182

(b)(2)(A)(i).

41.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. MORTLAND alleges that properly repairing, modifying, or altering each of the items

that plaintiff complains of herein were and are "readily achievable" by the Defendant under the

standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

1    "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

2    make the required services available through alternative methods which were readily achievable.

3        42.    On information and belief, construction work on, and modifications of, the

4    subject parking lot occurred after the compliance date for the Americans with Disabilities Act,

5    January 26, 1992, independently triggering access requirements under Title III of the ADA.

6        43.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

7    *seq*., §308, MORTLAND is entitled to the remedies and procedures set forth in §204(a) of the

8    Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination

9    on the basis of disability in violation of this title or have reasonable grounds for believing that

10   he is about to be subjected to discrimination in violation of §302. MORTLAND cannot return to

11   or make use of the public facilities complained of herein so long as the premises and Defendant's

12   policies bar full and equal use by persons with physical disabilities.

13       44.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

14   with a disability to engage in a futile gesture if such person has actual notice that a person or

15   organization covered by this title does not intend to comply with its provisions." Pursuant to this

16   last section, MORTLAND has not returned to Defendant' premises since on or about April 24,

17   2019, but on information and belief, alleges that Defendant has continued to violate the law and

18   deny the rights of plaintiff and of other persons with physical disabilities to access this public

19   accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

20   injunctive relief shall include an order to alter facilities to make such facilities readily accessible

21   to and usable by individuals with disabilities to the extent required by this title."

22       45.    MORTLAND seeks relief pursuant to remedies set forth in §204(a) of the Civil

23   Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

implement the Americans with Disabilities Act of 1990, including but not limited to an order

granting injunctive relief and attorneys' fees. MORTLAND will seek attorneys' fees conditioned

upon being deemed to be the prevailing party.

46.     MORTLAND seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq*.

and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme,

that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

47.     Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 46 of this complaint.

48.     At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided

that persons with physical disabilities are not to be discriminated against because of physical

handicap or disability. This section provides that:

> It shall be an unlawful discriminatory practice:
>
> (G)     For any proprietor or any employee, keeper, or manager of a place of
> public accommodation to deny to any person, except for reasons
> applicable alike to all persons regardless of race, color, religion, sex,
> military status, national origin, disability, age, or ancestry, the full
> enjoyment of the accommodations, advantages, facilities, or privileges of
> the place of public accommodation.

49.     Defendant's parking lot is a "place of public accommodation" pursuant to Ohio

Revised Code § 4112.01(A)(9).

50.     Defendant committed an unlawful act pursuant to Ohio Revised Code §

4112.02(G) by denying MORTLAND the full enjoyment of its accommodations, advantages,

facilities, or privileges, whereas, MORTLAND had great difficulty due to extensive barriers for

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

patrons confined to wheelchairs.

51.     Pursuant to Ohio Revised Code § 4112.99, MORTLAND is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

52.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant act or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of the parking lot. MORTLAND has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, MORTLAND is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

53.     On or about April 24, 2019, MORTLAND suffered violations of Ohio Revised Code § 4112.02(G) in that MORTLAND was denied access to the facilities as stated herein at the parking lot and on the basis that MORTLAND was a person with physical disabilities.

54.     As a result of the denial of equal access to Defendant's facility due to the acts and omissions of Defendant in owning, operating and maintaining the subject public facility, MORTLAND suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

55.     MORTLAND has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights as a person, including statutory damages according to proof.

56.     As a result of Defendant's acts and omissions in this regard, MORTLAND has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, MORTLAND therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## III.     THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq.*

57.     MORTLAND repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

58.     Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

59.     Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

60.     Defendant's parking lot, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. § 1104.1 by failing to provide at least one accessible route within the parking lot.

61.     PARKING LOT committed an unlawful act pursuant to O.A.C. § 1106.1 by failing to provide any accessible parking spaces, which are to include applicable signage and striping. In violation of O.A.C. § 1106.6, Defendant failed to provide accessible parking spaces

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

on the shortest accessible route of travel from adjacent parking to an accessible sidewalk.

62.     Defendant's violations denied MORTLAND full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, MORTLAND had great difficulty using the property due to extensive barriers for patrons confined to wheelchairs on the accessible route.

63.     As a result of these violations, MORTLAND is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

64.     A separate act in violation of Ohio Administrative Code § 4101:1-11, *et seq.* has been committed each day that Defendant act or fail to act and/or knowingly and willfully fail and refuse to make accessible its site for physically disabled persons presently existing at the subject parking lot. MORTLAND has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, MORTLAND is entitled to seek appropriate relief, such as damages.

65.     As a result of Defendant' accessibility violations, MORTLAND suffered violations of his civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

66.     MORTLAND has been damaged by Defendant' wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages, according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

67.     As a result of Defendant' acts and omissions in this regard, MORTLAND has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. MORTLAND therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, Plaintiff DEREK MORTLAND prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, MORTLAND prays that this court grant relief and damages as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make its facility, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if MORTLAND is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**I.      PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

4.     For injunctive relief, compelling Defendant to make its facility, readily accessible to and usable by individuals with disabilities, per state law.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

5.      General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant has failed to remove barriers which denied MORTLAND and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if MORTLAND is deemed the prevailing party;

8.      Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11.     Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq*.**

12.     For injunctive relief, compelling Defendant to make its facility readily accessible to and usable by individuals with disabilities, per state law.

13.     General and compensatory damages according to proof;

14.     All damages for each day, from the inception of the filing of this complaint, on which Defendant has failed to remove barriers which denied MORTLAND and other persons with disabilities full and equal access.

15.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if MORTLAND is deemed the prevailing party;

16.     Punitive damages, pursuant to Ohio Revised Code § 2315.21;

17.     For all costs of suit;

18.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

19.    Such other and further relief as the court may deem just and proper.


Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Mahoning Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 23